WILLIAM F. FANNING

*v.*

GEORGE W. FANNING *et al.*

*Opinion filed April 21, 1898.*

JUDGMENTS AND DECREES—*order distributing assets of receivership must conform to final decree.* An order in chancery which approves a receiver's final report and directs him to turn over the assets in his hands to but one of two parties who had been found by the court in the final decree to be jointly entitled to receive the same, will be set aside as erroneous, where it does not appear the rights of the parties had changed since the final decree was entered.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

G. W. SMITH, for plaintiff in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This litigation has been before this court on several previous occasions, the history of which will be found in the cases cited in *Rogerson* v. *Fanning,* 163 Ill. 210. A final decree in the circuit court of Sangamon county was approved February 19, 1895, the material parts of which, as affecting the present contention, are as follows:

"It further appearing to the court that A. R. Gregory, who was heretofore by the interlocutory decretal order of this court, on the application of complainants in the amended supplemental cross-bill, appointed receiver to collect the rents and profits, etc., of the lands in contro-

versy, has made his report to date, showing the amount of money in his hands, after deducting expenses, commissions, etc., to be turned over to the parties entitled thereto, to be the sum of $1202.20, and that the further sum of $603 is estimated to be paid by March 1, 1895; and it further appearing to the court that the defendants, George W. Fanning and William F. Fanning, are legally entitled to the said sum of money, it is therefore ordered and adjudged by the court that said report be and the same is hereby approved, and that said A. R. Gregory, on or before the 10th day of March next, pay or cause to be paid or turned over to the clerk of this court, for the use of the said defendants, G. W. and William F. Fanning, the said sum of $1202.20, less his commissions, to be fixed by the court when the last payment is made, and that he pay such further sums as he may collect as soon as he collects the same, and he is hereby ordered to collect the same as soon as possible, taking said clerk's receipt therefor, and upon the filing of the said clerk's receipt with his said report, that he, the said A. R. Gregory, be discharged as such receiver, and that the said George W. and William F. Fanning, or their solicitors, upon leaving a proper receipt therefor with said clerk, shall be entitled to receive said sum of money from said clerk, and that the said George W. and William F. Fanning, upon the discharge of said receiver, be invested with the possession of the said lands as they were prior to the appointment of the said receiver."

This decree was affirmed in *Rogerson* v. *Fanning, supra.* On November 24, 1896, the cause being re-docketed in the circuit court, the following order was made:

"And now again this cause comes on to be heard on the filing in this court of the final order of the Supreme Court of the State of Illinois affirming the final decree of this court at a former term thereof entered, by force of which judgment of affirmance said decree of this court stands and remains in full force and effect. And now

again this cause coming on to be heard upon the final
report of the receiver, A. R. Gregory, showing a balance
in his hands subject to the order of this court of $1637.86
in cash, together with a certain promissory note of one
A. T. Fuller for $243 for rent due on the said lands, and
the said George W. Fanning having endorsed said re-
port as correct, it is therefore ordered by the court that
the said report of the receiver be and the same is hereby
fully approved.   And it is further ordered by the court
that the said A. R. Gregory do, upon a presentation of this
order, pay to W. P. Callon, the solicitor of said George
W. Fanning, said sum of $1637.86 and the note of A. T.
Fuller for $243, for which he shall take the receipt of
said W. P. Callon.   It is further ordered by the court that
said receiver, A. R. Gregory, shall deliver to said George
W. Fanning the possession of the lands hereinbefore in
his possession, being described as follows, (describing the
lands in controversy,) together with the lease for said
lands expiring March 1, 1898.   And it is further ordered
that upon his presentation to this court of a receipt for
said moneys, said note of A. T. Fuller, and for said pos-
session and lease accompanying the same, that the said
receiver, A. R. Gregory, be fully discharged."

On this order was endorsed a receipt to the receiver for
the amount and note mentioned therein, signed by W. P.
Callon, solicitor for George W. Fanning, and thereupon
the cause was stricken from the docket.   To reverse this
order plaintiff in error, William F. Fanning, prosecutes
this writ of error, his contention being, that under the
final decree of the circuit court of February 19, 1895, af-
firmed by this court, it was error to order the receiver to
pay the entire amount in his hands to George W. Fan-
ning, or his solicitor, W. P. Callon, and to order the re-
ceiver to turn over the premises to him, thus ignoring
the rights of plaintiff in error as determined in said final
decree.   No brief or argument has been filed on behalf
of the defendants in error.

We are of the opinion that the contention of plaintiff in error should be sustained. The order of November 24, 1896, will accordingly be reversed and the cause remanded, with directions to the circuit court to enter a final order as to the payment of money in the hands of the receiver, and the delivery of the possession of the premises to and for the benefit of both George W. and William F. Fanning, as provided in the final decree of February 19, 1895.          *Reversed and remanded.*